UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KRETSCHMAR,<br><br>                                    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE NAVY, et al,<br><br>                                    Defendants. | Case No.:  3:25-cv-00546 RBM-DEB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Doc. 5]** |

Presently before the Court is a Motion to Dismiss filed by Defendant John Phelan,[1] Secretary of the Navy. (Doc. 5.)  Defendant argues Plaintiff Sandra Kretschmar's claims are barred by the applicable statute of limitations.  (*Id.* at 4–7.[2])  Plaintiff has filed an Opposition to the Motion ("Opposition").  (Doc. 6.)  Plaintiff argues this case should be permitted to proceed because this action is the same as a prior case she filed in this District that was dismissed.  (*Id.* at 2–7.)  Defendant has filed a Reply ("Reply").  (Doc. 8.)

The Court finds the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

---

[1] John Phelan is now the Secretary of the Navy and is automatically substituted for Carlos Del Toro pursuant to Federal Rule of Civil Procedure 25(d).

[2] The Court cites the paragraph numbers of the Complaint and the CM/ECF electronic pagination for all other cites to the record unless otherwise noted.

1

3:25-cv-00546 RBM-DEB

# I.    BACKGROUND

Plaintiff has filed two cases in this District.  The first, *Kretschmar v. Dep't of the Navy* (*Kretschmar I*), No. 24-cv-00468-LL-BJC (S.D. Cal.) was filed on March 8, 2024.  The second, this case, was filed on March 7, 2025.  (Doc. 1.)

On March 8, 2024, Plaintiff filed *Kretschmar I*.  On November 7, 2024, the assigned district judge issued an Order to Show Cause ("OSC") why the case should not be dismissed because Plaintiff had not served any of the Defendants in the preceding eight months.  (*Kretschmar I*, ECF 9.)  Plaintiff failed to respond in writing by November 21, 2024 as order in the OSC, and on December 10, 2024 the case was dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely serve and Federal Rule of Civil Procedure 41(b) for failure to prosecute.  (*Kretschmar I*, ECF 10.)  Judgment was entered the same day.  (*Kretschmar I*, ECF 11.)  There have been no further filings in *Kretschmar I* since it was dismissed on December 10, 2024.  In the Declaration of Plaintiff's Counsel Daniel J. Goularte ("Goularte Decl."), filed in support of Plaintiff's Opposition to Defendant's Motion to Dismiss in this case, counsel indicates that he and his co-counsel failed to serve process because each co-counsel believed the other had already done so and they did not realize they had failed to serve in *Kretschmar I* until it was already dismissed.  (Goularte Decl. [Doc. 6-1]) ¶ 3.)  Co-counsel, Alan H. Canterbury, indicates that in late December 2024 he received a copy by mail of the order dismissing the prior action.  (Decl. of Alan H. Canterbury ("Canterbury Decl.") [Doc. 6-2] ¶ 4.)

Plaintiff, represented by the same counsel, filed this action on March 7, 2025, asserting the same causes of action based upon the same factual allegations.  (*See generally* Compl.; see also Doc. 6 at 3 (Plaintiff asserting the claims, parties, and facts alleged are the same).)  Plaintiff alleges that she was subjected to violations of Title VII of the Civil Rights Act of 1964 while employed by the Department of the Navy.  (Compl. 1, 5, 16–44.)  Plaintiff brings causes of action for discrimination, quid pro quo sexual harassment, hostile work environment sexual harassment, and retaliation.  (*Id.* ¶¶ 45–77.)

///

Defendant has filed the instant Motion to Dismiss (Doc. 5) arguing this case should be dismissed for failure to timely file because this new case was filed long after Title VII's 90-day filing deadline had passed and Plaintiff is not entitled to tolling or relation back to the prior complaint.[3]  (Doc. 5 at 4–7.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), an action may be dismissed for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).  Although leave to amend should be freely given, it may be denied when amendment would be futile. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal.") (internal citations and quotations omitted).

---

[3] Defendant additionally moves to dismiss many of Plaintiff's claims for failure to timely exhaust and to dismiss improperly named Defendants.  (Doc. 5 at 7–9.)  The Court need not reach these additional issues because the Court grants dismissal based on the statute of limitations bar.

3:25-cv-00546 RBM-DEB

### III.   DISCUSSION

**A.   Timeliness**

Defendant argues that the Court should dismiss Plaintiff's Complaint for failure to comply with the applicable statute of limitations.  (Doc. 5 at 4.)  Defendant asserts that although Plaintiff's complaint in *Kretschmar I* may have been timely: (1) the instant case was filed months after Title VII's 90-day filing deadline; (2) the earlier filed complaint does not alter the 90-day statute of limitations; and (3) Plaintiff has not met either of the requirements for equitable tolling.  (*Id.* at 4–6.)

**1.   90-Day Statute of Limitations**

A civil action under Title VII must be filed within 90 days of the date the Equal Opportunity Commission ("EEOC") dismisses a claim.  *Scholar v. Pac. Bell*, 963 F.2d 264, 266–67 (9th Cir. 1992) (finding Title VII claim barred by 90-day statute of limitations when filed three days late).  "The requirement … constitutes a statute of limitations."  *Id.* (citing *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990)).  "If the claimant fails to file within the 90-day period, the action is barred accordingly."  *Id.* at 267 (citation omitted).  Here, Plaintiff does not dispute, and the record reflects that the EEOC "Order of Dismissal of Complaint Based on Filing in Federal Court" was issued, and this dismissed Plaintiff's administrative complaint on March 11, 2024.  (Doc. 1-2 at 18–21.)  This means that absent some basis for tolling, Plaintiff had to file this action by June 9, 2024.

**2.   Prior Complaint Does Not Alter the Statute of Limitations**

A separately filed "second complaint does not 'relate back' to [a] first complaint [when] the second complaint [is] not an 'amendment' to [the] first complaint."  *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006).  "In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the 90-day limitations period."  *Id.*  "In such cases, dismissal of the original suit, even though labeled as without prejudice, nevertheless may sound the death knell for the plaintiff's underlying cause of action if the sheer passage of time precludes the prosecution

4

of a new action." *Id.* (Title VII claims asserted in a second complaint filed more than ninety days after the EEOC dismissal found untimely when the same claims were asserted); *see also Juarez v. Walmart, Inc.*, No. 24-2844, 2025 WL 1983945, at *1 (9th Cir. July 17, 2025) ("filing of plaintiff's first complaint [does] not toll the 90-day limitations period [for] her second complaint asserting the same claims.") (summarizing *O'Donnell*, 466 F.3d at 1111).

Here, Plaintiff does not address Defendant's argument that this new and separately filed complaint does not constitute an amendment that relates back to the dismissed complaint in *Kretschmar I* under Rule 15(c) or the argument that the prior complaint did not toll the statute of limitations. The Court finds that the previously filed and dismissed complaint did not toll the statute of limitations, and the new complaint asserting the same claims as the dismissed complaint in *Kretschmar I* does not relate back under Rule 15(c) because Plaintiff filed a separate action and, as Plaintiff acknowledges, she is asserting the same claims on the same facts against the same parties. (Doc. 6 at 3.)

### 3. Equitable Tolling

The 90-day statute of limitations may be subject to equitable tolling. *Scholar*, 963 F.2d at 267. In general, to seek equitable tolling, a litigant bears the burden of establishing (1) that [she] has been pursuing [her] rights diligently and (2) that some extraordinary circumstance stood in [her] way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). However, "it has been applied sparingly," and [c]ourts have been generally unforgiving … when a late filing is due to a claimant's failure 'to exercise due diligence in preserving [her] legal rights." *Scholar*, 963 F.2d at 267–68; *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) (declining to extend equitable tolling to petitioner whose lawyer was absent from the office when EEOC notice was received); *see also Welch v. S. Cal. Edison*, 378 F. App'x 621, 623 (9th Cir. 2010) (denying equitable tolling when plaintiff failed to show she was actively pursuing her judicial remedies).

Plaintiff does address Defendant's argument that she is not entitled to equitable tolling. However, even if the Court considered the circumstances Plaintiff advances for

relief under Federal Rule of Civil Procedure 60—counsel's miscommunication and failure to stay informed of the status of the case—Plaintiff meets neither requirement for equitable tolling.  Plaintiff has not shown an extraordinary circumstance stood in her way.  *Irwin*, 498 U.S. at 96 (equitable tolling does "not extend to what is at best [a] garden variety claim of excusable neglect").[4]  Plaintiff is also unable to establish she was pursuing her rights diligently because if the lack of diligence by counsel prior to dismissal of the first case were somehow excused, even once she knew the first case was dismissed, Plaintiff has taken no action in that case and waited more than two months to file this case.  (Decl. of Canterbury ¶ 4 [Doc. 6-2 at 2–3] (knew of dismissal in late December 2024).)  "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).

Because Plaintiff is not entitled to tolling, and this action does not relate back to the prior complaint for purposes of the statute of limitations, the Court finds this action is untimely and barred by the 90-day statute of limitations.

**B.      Plaintiff's Request for Relief Under Rule 60**

As noted above, Plaintiff largely does not address the legal arguments raised in Defendant's Motion to Dismiss regarding the statute of limitations bar.  Rather, in her opposition brief, Plaintiff seeks relief under Rule 60.  Plaintiff asserts her counsels' errors "forced [her] to refile this [a]ction on March 7, 2025" and she "should be allowed to continue with the instant action … ."  (Doc. 6 at 3–4.)  She argues that she is entitled to relief under Rule 60(b) or, in the alternative, Rule 60(d)(1).  (*Id.* at 4–6).  Specifically, Plaintiff seeks to be "relieve[d] … from the administrative mistake that led to the filing of th[is] [a]ction" under Rule 60(b) (*id.* at 5–6) and that the court grant "relief from the order of dismissal in the first action" under Rule 60(d) by "allowing the instant action to proceed … ."  (*Id.* at 6.)

---

[4] The Cout is not finding Plaintiff has even shown excusable neglect, but noting that she has certainly not met the higher bar for extraordinary circumstances.

3:25-cv-00546 RBM-DEB

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons," and then goes on to list six subsections of reasons. Plaintiff quotes the entirety of Rule 60(b) and does not identify which subsection she is attempting to move for relief under, what the applicable standards for any subsection are, or how her counsel's errors meet any standards for any of the six subsections. (Doc. 6 at 4–7.)

As an initial matter, there is no judgment in this case. Even if Plaintiff identified a reason for Rule 60(b) relief and provided a basis for application of it to Plaintiff's prior case, Rule 60(b) has no application in this case because there has been no judgment issued in this case for Plaintiff to seek relief from. Additionally, as Defendant points out in Reply, "Plaintiff cannot seek relief under Rule 60 through her opposition brief because she has not moved for such relief." (Doc. 8 at 4.) Plaintiff has not filed a motion seeking relief under Rule 60(b) in this case or the prior case. In addition to the general principle that a party must file their own motion when seeking relief from or action by a court, relief from a final judgment under Rule 60(b) is only available via motion. Fed. R. Civ. P. 60(b) ("*On motion* and just terms, the court may relieve a party or its legal representative from a final judgment … .") (emphasis added). In these respects, Plaintiff's request for Rule 60(b) relief in her opposition is deficient and improperly raised in this case.

Plaintiff's request under Rule 60(d) is similarly deficient, although Plaintiff at least seems to narrow her Rule 60(d) request to one subsection. Plaintiff quotes Rule 60(d) in its entirety but emphasizes Rule 60(d)(1). Plaintiff quotes "Other Powers to Grant Relief. This rule does not limit a court's power to: (1) **entertain an independent action to relieve a party** from a judgment, order, or proceeding." (Doc. 6 at 6 (quoting Rule 60(d)(1)) (emphasis in brief).) She then repeats her claims of error by her counsel and requests relief in the form of allowing this later action to proceed. (*Id.*) However, as with her request for relief under Rule 60(b), Plaintiff never cites or discusses the standard for obtaining relief under Rule 60(d)(1) or explains how counsel's errors could meet that unidentified standard. Additionally, Plaintiff cites no authority for granting Rule 60(d)(1) relief by ignoring a

7

previously dismissed action and allowing a new one, where the claims are time-barred, to proceed. She simply argues, again in an opposition brief rather than her own motion, that the Court should grant her relief from the order of dismissal in *Kretschmar I* by allowing the instant case to proceed. (Doc. 6 at 6–7.)

While Rule 60(d)(1) may permit "an independent action to relieve a party from a judgment," that is not what Plaintiff has filed or the relief Plaintiff has pursued, and Plaintiff has not addressed the "grave miscarriage of justice" standard applicable to relief from a judgment by way of an independent action. *United States v. Beggerly*, 524 U.S. 38, 47 (1998) ("[A] independent action should be available only to prevent a grave miscarriage of justice."); *see also Treadaway v. Academy of Motion Picture Arts and Sciences*, 783 F.2d 1418, 1420 (9th Cir. 1986) (explaining that historically, the power to entertain an independent action "has been exercised 'only under unusual and exceptional circumstances.'") (quoting *Crosby v. Mills*, 413 F.2d 1273, 1276 (10th Cir. 1969)).[5]

Here, this case was not filed as an independent action to seek relief from the *Kretschmar I* judgment. It is a refiling of the same case that was previously dismissed. Based on Plaintiff's Opposition and supporting declarations, Plaintiff took no action in the prior case for eight months due to counsel's errors, discovered her case had been dismissed for failure to serve and failure to prosecute shortly after it was dismissed, waited over two months, refiled the same case again despite the dismissal, and never moved for relief in the prior case. (*See supra* Section I.) The refiling of the same case is not an independent action seeking to be relieved of the prior judgment. Rather, it appears to be an attempt to, at best ignore and at worst circumvent, the prior judgment. Additionally, even if the Court

---

[5] Rule 60(d)(1) "is not an affirmative grant of power but merely allows continuation of whatever power the court would have had to entertain an independent action if the rule had not been adopted." 11 C. Wright & A. Miller, Federal Practice and Procedure § 2868 (Independent Action for Relief) (3d ed.) (citations omitted). "The reference to 'independent action' is to what had been historically known simply as an independent action in equity to obtain relief from a judgment." *Id.* (citations omitted).

3:25-cv-00546 RBM-DEB

construed Plaintiff's Rule 60(d)(1) request, improperly raised in an opposition brief, as somehow qualifying as an independent action, what Plaintiff requests is not that the prior judgment be vacated.  Plaintiff is asking for this case to proceed but, in addition to not explaining how she meets the high standard for this relief, she provides no authority for the Court to afford relief in the form of ignoring a prior judgment and allow an untimely action to proceed.

In summary, because the instant Complaint is time-barred by the 90-day statute of limitations, Defendant's Motion to Dismiss is **GRANTED** and the Complaint is **DISMISSED**.

### C.    Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) explicitly provides litigants with the ability to amend their pleadings prior to trial with either the opposing party's consent or the Court's leave.  Rule 15 calls for the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, the "general rule that parties are allowed to amend their pleadings … does not extend to cases in which any amendment would be an exercise in futility." *Steckman*, 143 F.3d at 1298.  Here, the Court **DENIES** leave to amend because Plaintiff's claims are barred by the statute of limitations and any amendment would be futile.  *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008) (finding amendment futile "when claims are barred by the statute of limitations").

### IV.    CONCLUSION

The Court **GRANTS** Defendant's Motion to Dismiss (Doc. 5.)  This case is **DISMISSED WITHOUT LEAVE TO AMEND**.  The Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  March 24, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:25-cv-00546 RBM-DEB